UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

                                  Case No. 13-CR- 1380

vs.

ANNA MONTANO-SALAS and
MIGUEL SALAS,

    Defendants.

## MEMORANDUM OPINION AND ORDER RULING ON PENDING MOTIONS; VACATING AND CONTINUING JURY SELECTION AND TRIAL; and VACATING CALL OF THE CALENDAR

THIS MATTER comes before the Court following a hearing Friday, August 23, 2013 at which the Court ruled on these motions:

- Government's motion in Limine Seeking Pretrial Ruling on the Admissibility of Extra-Judicial Statements, filed June 17, 2013 **(Doc. 23)**;

- Defendant Anna Montano Salas' Motion in Limine to Exclude Statements of Miguel Salas and/or, in the alternative, Motion for Severance, filed August 5, 2013 **(Doc. 35);**

- Defendant Montano-Salas' Motion to Suppress, and/or in the Alternative, for *Franks* hearing, filed August 14, 2013 **(Doc. 38)**.[1]

In addition, the Court addressed scheduling conflicts with regard to a trial date for this case.

**I.    Government's motion in Limine Seeking Pretrial Ruling on the Admissibility of Extra-Judicial Statements, filed June 17, 2013 (Doc. 23)**

---

[1] Defendant Anna Montano Salas has joined in Defendant Salas' motions.  Docs. 51 & 52.

1

In this motion, the Government seeks a ruling on the admissibility of tape recorded evidence from a phone call between the Defendants, while Mr. Salas was in custody, and his wife, Anna Montano-Salas (Ms. Salas) had been released on conditions. The Court found that relevant portions of the conversations, as selected by the Government, meets the relevancy requirement under Rule 401 of the Federal Rules of Civil Procedure, and thus Defendants' objections on relevancy grounds are overruled. Defendants also raised the issue of whether the selections comply with the Rule of Completeness under Rule 106. The Court ruled that Defendants may present to the jury other portions of the conversation, within reason, in order to provide context for those portions sought to be admitted by the Government, and which will assist the jury in understanding the meaning of the evidence. The Court recognizes that more than one inference can attach to evidence, and this is up to the jury to decide. The Court also found that the probative value of these statements is not substantially outweighed by any potential for unfair prejudice.

With regard to admissibility of these statements under the hearsay rules, the Court ruled that the statements do not constitute statements made by a co-conspirator under Rule 801(d)(2)(E). The conversation took place months after the conspiracy ended in December, 2012, according to the Indictment, and thus could not have been made in furtherance of, or in the course of, a conspiracy. Thus, no analysis is necessary under Rule 801(d)(2)(E).

The Government also contended that one of the statements made referring to "just tryin' to help" is not hearsay because it is not offered for the truth of the matter asserted, but rather to show that both Defendants were previously working together. The Court agrees with the Government that this portion of the conversation is not hearsay under the Rules of Evidence. The Court also agreed with the Government's argument that the statements which it seeks to

admit are properly admitted under Rule 801(d)(2)(A) as admissions of a party opponent, and thus are not considered hearsay under the evidentiary rules.

Defendants argued that the marital privilege applies to the conversation between the Defendants. The Court ruled that the marital privilege applies, but that the privilege was waived on the grounds that the both the caller and the person receiving the telephone call were advised by a recorded message that the conversation may be recorded, and were also on notice by a placard placed next to the telephone in the detention center. The presence of an eavesdropper overhearing marital communication, even when unbeknownst to the couple, constitutes waiver of the privilege. *Hopkins v. Grimshaw*, 165 U.S. 342, 351 (1897).

Accordingly, the Court found that the statements which the Government seeks to admit are not subject to the marital privilege, and are not considered hearsay under the Federal Rules of Evidence. These statements pass the relevancy bar under Rule 401, and withstand the balancing inquiry the Court must make under Rule 403 for reasons described at the hearing.

## II.     Defendant Anna Montano Salas' Motion in Limine to Exclude Statements of Miguel Salas and/or, in the alternative, Motion for Severance, filed August 5, 2013 (Doc. 35);

Defendant Salas seeks to exclude recorded statements taken by agents on December 5, 2012. Because these are testimonial in nature, Defendant raised issues concerning the Confrontation Clause, and addressed in *Bruton v. U.S.,* 391 U.S. 123 (1968) and *Crawford v. Washington,* 541 U.S. 36 (2004). The Court did not find any *Bruton-Crawford* issues as to Ms. Salas. The Government represented to the Court that none of these statements would refer to Defendant Montano-Salas, and further assured the Court that the testifying agent would be instructed to take care that any potential references to Ms. Salas were appropriately redacted, as

3

set forth under *Richardson v. Marsh,* 481 U.S. 200, 208 (1987).  Accordingly, the motion was DENIED at the hearing.

Ms. Angela Arellanes, counsel for Mr. Salas, raised a concern at the hearing about the accuracy of the English translation of the agent's statements at the interview giving rise to Mr. Salas' statements in December, 2012.   However, no motion in limine or motion to suppress has been filed.  At the hearing, the Court allowed Mr. Arellanes until **Friday, September 6, 2013** in which to file a motion on this issue.

Defendants also requested severance of Defendants' trials.  However, because there is no *Bruton-Crawford* concerns, the Court sees this issue as moot, and it is denied.  Also, whether to grant severance is in the trial court's discretion, *Cummings v. Evans,* 161 F.3d 610, 619 (10th Cir. 1998).   In the interest of judicial economy and to avoid potential inconsistent jury verdicts, the Court DENIES the request for severance.

**III.    Defendant Montano-Salas' Motion to Suppress, and/or in the Alternative, for *Franks* hearing, filed August 14, 2013 (Doc. 38).**

In this motion, Mr. Blackburn, counsel for Ms. Salas, asserts constitutional infirmities of a tracking warrant search in connection with a vehicle registered to Ms. Salas and her father.  At the hearing, the Court DENIED the motion.  The Court noted that controlled buys carried out subsequent to the installation of the tracking device furnished evidence independent of the tracking and provide a separate and independent basis for probable cause.  The Court also noted that a motion to "suppress" ordinarily envisions the existence of evidence sought to be suppressed, and based on the Government's representation that the tracking warrant did not lead to any discoverable evidence, the Court finds the issue to be moot, and is denied on that basis.

**IV.    Scheduling Changes**

Based on counsel's scheduling conflicts, the Court has VACATED the trial set for September 3, 2012, which has been CONTINUED and now has a firm date for jury selection and trial on **Monday, September 23, 2013**.  In addition, the call of the calendar currently set for August 28, 2013 is hereby VACATED.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE